J-S77042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID LEE GROVER, JR., | |
| Appellant | No. 784 MDA 2016 |

Appeal from the PCRA Order April 28, 2016
in the Court of Common Pleas of Huntingdon County
Criminal Division at No.: CP-31-CR-0000054-2010

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 24, 2016**

Appellant, David Lee Grover, Jr., appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The relevant facts and procedural history of this case are as follows. On January 12, 2011, a jury convicted Appellant of involuntary deviate sexual intercourse (IDSI), statutory sexual assault, aggravated indecent assault, corruption of minors, and indecent assault.[1]  Appellant's conviction stems from his sexual relationship with a then-fifteen-year-old girl, when he was thirty-nine years old, over a four-month period.  On May 19, 2011, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3122.1, 3125(a)(8), 6301(a)(1), and 3126(a)(8), respectively.

trial court sentenced Appellant to an aggregate term of incarceration of not less than ten nor more than twenty years.[2] This Court affirmed the judgment of sentence on April 9, 2012. (*See Commonwealth v. Grover*, 48 A.3d 471 (Pa. Super. 2012) (unpublished memorandum)). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On October 22, 2012, Appellant filed a *pro se* first PCRA petition. Appointed counsel subsequently filed an amended petition, which the PCRA court denied on January 21, 2015, following a hearing. A panel of this Court affirmed the PCRA court's order on November 24, 2015. (*See Commonwealth v. Grover*, 134 A.3d 503 (Pa. Super. 2015) (unpublished memorandum)).

Appellant filed the instant *pro se* petition on March 14, 2016. On March 23, 2016, the PCRA court issued notice of its intent to dismiss the petition without a hearing as untimely. *See* Pa.R.CrimP. 907(1). After consideration of Appellant's *pro se* response, the PCRA court entered its order dismissing the PCRA petition on April 28, 2016. Appellant timely appealed. Pursuant to the PCRA court's order, Appellant filed a timely

---

[2] The record reflects that the court sentenced Appellant to the mandatory minimum term of incarceration of ten years on the IDSI count. *See* 42 Pa.C.S.A. § 9718(a)(1) (providing mandatory minimum term of incarceration for IDSI conviction); (*see also* Sentencing Order, 5/19/11, at unnumbered page 2).

concise statement of errors complained of on appeal on June 14, 2016.[3] *See* Pa.R.A.P. 1925(b). The court entered an opinion on July 7, 2016, stating that it lacked jurisdiction to consider the merits of the PCRA petition because it was untimely and Appellant failed to plead or prove any exception to the PCRA's timeliness requirement. *See* Pa.R.A.P. 1925(a); (*see also* PCRA Court Opinion, 7/07/16, at 3-4). The court also noted Appellant's citation to *Alleyne v. United States*, 133 S.Ct. 2151 (2013),[4] and stated that this decision does not provide him a basis for relief. (*See* PCRA Ct. Op., at 3).

On appeal, Appellant raises the following questions for our review:

I. Whether the trial court erred in not correcting an illegal sentence that was rendered in violation of the Appellant's statutory limit for sentencing?

II. Whether the trial court lacked subject matter jurisdiction from the face of the indictment when rendering a sentence outside of the indictment?

---

[3] We deem Appellant's concise statement filed on the day it was dated rather than on the day it was docketed (June 17, 2016), pursuant to the prisoner mailbox rule. *See Commonwealth v. Brandon*, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

[4] In *Alleyne*, the United States Supreme Court held that under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence. *See Alleyne*, *supra*, at 2158. In *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), the Pennsylvania Supreme Court held "that Section 9718 is irremediably unconstitutional on its face, non-severable, and void[,]" in light of *Alleyne*. *Wolfe*, *supra* at 663.

III. Whether the trial court erred in entering a civil judgement without a civil trial and/or without putting the Appellant on notice of civil proceedings?

(Appellant's Brief, at iii) (unnecessary capitalization omitted).[5]

We begin by discussing the timeliness of Appellant's instant PCRA petition.

> . . . Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.
>
> A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

*Commonwealth v. Brown*, 141 A.3d 491, 499-500 (Pa. Super. 2016) (case citations and some quotation marks omitted).

In this case, Appellant's judgment of sentence became final on May 9, 2012, upon expiration of the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Because Appellant filed the instant petition on March 14, 2016,

---

[5] The Commonwealth filed a letter with this Court stating that it is not filing a brief because it is unsure what issue Appellant wants us to address. (*See* Commonwealth's Letter, 8/31/16).

it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**Id.**

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." **Id.** at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, "it is the petitioner's burden to allege and prove that one of the

- 5 -

timeliness exceptions applies." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).

Here, Appellant fails to acknowledge the untimeliness of his petition or specifically argue the applicability of any exception to the PCRA's jurisdictional time-bar. (*See* Appellant's Brief, at 1-4). Therefore, Appellant has not met his burden of proving his untimely petition fits within one of the three limited exceptions to the time-bar. *See Robinson*, *supra* at 186.

Moreover, to the extent Appellant attempts to invoke the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii) by reference to *Alleyne*, *supra*, (*see* Appellant's brief, at 2-3), it is well-settled that *Alleyne* does not invalidate a mandatory minimum sentence when the claim is raised in an untimely PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Further, "our Supreme Court recently filed an opinion in *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) wherein it addressed the retroactive effect of *Alleyne* and held 'that *Alleyne* does not apply retroactively to cases pending on collateral review. . . .'" *Commonwealth v. Whitehawk*, 2016 WL 4473779, at *4 (Pa. Super. filed Aug. 24, 2016) (internal citation formatting provided).

In sum, we conclude that the PCRA court properly dismissed Appellant's PCRA petition as untimely with no exception to the time-bar pleaded or proven. *See Brown*, *supra* at 499-500. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016